IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Paul Sinkovitz,

    Plaintiff,

    v.                    Case No. 2:17-cv-712

G. Drew Rolston, et al.,

    Defendants.

ORDER

This is a pro se action filed by Paul Sinkovitz, a state inmate, against G. Drew Rolston, an attorney, and Judge Jeffrey Simmons, a state-court judge. This matter is before the court for consideration of the magistrate judge's report and recommendation (Doc. 3). The magistrate judge conducted an initial screen of plaintiff's complaint pursuant to 28 U.S.C. §§1915(e)(2) and 1915A, and recommended that this action be dismissed pursuant to §1915(e)(2) for failure to state a claim on which relief may be granted.

If a party objects within the allotted time to a report and recommendation, the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. §636(b)(1); see also Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. §636(b)(1). On October 3, 2017, plaintiff filed a document entitled "MOVE FOREWARD [sic] GRANT MY DAY IN COURT" which the court will construe as an objection to the report and recommendation.

As the magistrate judge correctly explained, 28 U.S.C. §1915(e) requires sua sponte dismissal of an action upon the court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted. Grinter v. Knight, 532 F.3d 567, 572 (6th Cir. 2008). Courts conducting initial screens under §1915(e) apply the motion to dismiss standard. See, e.g., Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010) (applying Fed. R. Civ. P. 12(b)(6) standards to review under 28 U.S.C. §§1915A and 1915(e)(2)(B)(ii)).

Courts ruling on a motion to dismiss under Rule 12(b)(6) construe the complaint in a light most favorable to the plaintiff, accepting all well-pleaded allegations in the complaint as true, and determining whether plaintiff undoubtedly can prove no set of facts in support of those allegations that would entitle him to relief. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Bishop v. Lucent Techs., Inc., 520 F.3d 516, 519 (6th Cir. 2008). To survive a motion to dismiss, the "complaint must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory." Mezibov v. Allen, 411 F.3d 712, 716 (6th Cir. 2005). Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice. Id. While the complaint need not contain detailed factual allegations, the "[f]actual allegations must be enough to raise the claimed right to relief above the speculative level" and "state a claim that to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007). Where the facts pleaded do not permit the

court to infer more than the mere possibility of misconduct, the complaint has not shown that the pleader is entitled to relief as required under Federal Rule of Civil Procedure 8(a)(2). Id.

The magistrate judge noted that plaintiff's complaint appears to allege that Judge Simmons presided over a domestic matter in which plaintiff was a party. Plaintiff alleges in conclusory fashion that Judge Simmons somehow violated his constitutional rights. The magistrate judge correctly concluded that plaintiff's claim against Judge Simmons is barred by the doctrine of judicial immunity, which protects judges from suit for acts performed in their judicial capacities. No facts are alleged in the complaint which would suggest that this defense would not apply here. The magistrate judge correctly noted that, although G. Drew Rolston is named as a defendant, the complaint contains no factual allegations concerning any acts performed by this defendant. Plaintiff also refers to RICO (the Racketeer Influenced and Corrupt Organizations Act) but the complaint contains no factual allegations to support a claim under RICO.

In his objection, plaintiff offers no argument as to why the magistrate judge's observations were incorrect. Rather, he makes additional conclusory and nonsensical allegations, and refers to another attorney who is not named as a defendant in this case. The court concludes that the magistrate judge did not err in concluding that the complaint fails to state a claim on which relief may be granted.

Defendant Rolston has also filed motions to declare plaintiff a vexatious litigator. However, he has not identified any previous law suits filed by plaintiff which would support such a finding.

3

The motions to declare plaintiff a vexatious litigator will be denied.

In accordance with the foregoing, the court denies plaintiff's objection (Doc. 19), and adopts the report and recommendation (Doc. 3). This action is hereby dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim for which relief may be granted. The clerk shall enter judgement dismissing this case. The motions to dismiss filed by defendant Simmons (Doc. 2) and defendant Rolston (Docs. 7 and 16) are moot. The motions to declare plaintiff a vexatious litigator (Docs. 6 and 16) are denied.

Date: October 19, 2017          s/James L. Graham
                                James L. Graham
                                United States District Judge